C. P. MEREDITH, Appellee, v. W. D. MILLER, Appellant.

No. 39984.

DECEMBER 13, 1929.

REHEARING DENIED FEBRUARY 14, 1930.

*Swan, Martin & Martin,* for appellant.

*C. A. Meredith* and *G. C. Dalton,* for appellee.

GRIMM, J.—This cause comes to us solely upon the pleadings. It appears that, on September 22, 1923, the plaintiff entered into a written contract, by the terms of which he agreed to sell, and one A. Brackhahn, of Cass County, Iowa, agreed to buy, a lot in the city of Atlantic, in Cass County. The total consideration was $2,000, $900 of which was delivered in the form of personal property, and receipted for on the day of the execution of the contract. $1,100 of the purchase price was to be paid in monthly installments of $25 each, on the first day of each business month, beginning with October, 1923. The first eight payments were represented by a promissory note, which was deposited at the Atlantic National Bank, where payment was to be made. The contract provided that the purchaser should maintain insurance on the buildings, and pay all taxes and assessments. It also contains the following clauses:

"And it is expressly agreed by and between the parties hereto, that the time and times of payment of said sums of money, interest and taxes as aforesaid is the essence and important part of the contract; and that if any default is made in any of the payments or agreements above mentioned to be performed by the party of the second part, in consideration of the damage, injury and expenses thereby resulting or that may be incurred by or to the party of the first part hereby, this agreement shall be void and of no effect, and the party of the second part shall have no claim in law nor equity against the

party of the first part nor to the above-mentioned real estate, nor any part thereof; and any claim or interest, or right, the party of the second part have hereunder up to that date by reason hereof or of any payments and improvements made hereunder, shall, on all such default, cease and determine, and become forfeited, without any declaration of forfeiture, re-entry, or any act of the party of the first part. And if the party of the second part, or any other person or persons shall be in possession of said real estate, or any part thereof, he or they will peaceably remove therefrom, or, in default thereof, he or they may be treated as tenants holding over unlawfully after the expiration of a lease, and may be ousted and removed as such.''

The instrument then provides for delivery of a deed and abstract, upon performance of the terms of the contract. This instrument was assigned to Mr. Hiscocks, and by Hiscocks to the defendant, Miller, on May 19, 1924. The indorsements on the contract show payments of $25, beginning October 16, 1923, and continuing to and including May 19, 1924. The only two remaining payments made were May 24, 1925, $60, and August 15, 1928, $99. On November 10, 1928, the plaintiff filed in the district court of Cass County, Iowa, a petition, in regular form, for forcible entry and detainer. There was attached to the petition a copy of the contract of purchase and sale. There was also attached to the contract a copy of an election of forfeiture, with service, and a copy of three days' notice to quit, with service. The petition alleged an election to forfeit and cancel the contract, for the reason that the purchase price had not been paid, as per contract, and that notice of said declaration of forfeiture in writing had been served on the defendant. Plaintiff also alleged his title.

The plaintiff claimed that the defendant was holding and retaining possession of the premises, contrary to the law, and as a violation of the terms of the canceled contract, and that the rights of the defendant had expired on the 20th day of October, 1928. On December 1, 1928, the defendant filed an answer, and on December 3, 1928, the plaintiff filed a motion to strike. None of the terms of this motion are before us. The record shows that, on December 5, 1928, the court made an order striking the answer, and giving the defendant until De-

cember 17, 1928, to further plead, by an order reading: "And if valid pleadings are not then on file, judgment is to be entered for plaintiff on pleadings." On December 17, 1928, the defendant filed his amended and substituted answer, consisting of 28 separate paragraphs, containing, among other things, a general denial of all of the allegations contained in the petition except those admitted or otherwise pleaded. The defendant admitted the contract of purchase and sale. He admitted the service of the notice of forfeiture and of the three-day notice to quit. Paragraph 6 of the amended and substituted answer is as follows:

"Paragraph Six. Defendant further states that, on or about the 8th day of August, A. D. 1928, plaintiff caused to be served on undersigned defendant a notice of suit in the justice court of George E. Pennell, a justice of the peace in and for Atlantic Township, Cass County, Iowa, claiming of the undersigned defendant the sum of $99.50 on account of money accrued and due under a real estate contract between the plaintiff, C. P. Meredith, and A. Brackhahn, and by him assigned to Ira Hiscocks, and by him assigned to W. D. Miller, bearing date of September 22, 1923, for the sale of the east half of Lot 1 in Block 91 to the city of Atlantic, Iowa."

In Paragraph 7, the original notice in the justice suit is pleaded, and copy is attached as an exhibit to the petition. In Paragraph 8 the plaintiff pleads that the said suit before the justice court was prosecuted to judgment. Other paragraphs specify that the contract referred to in Paragraph 6 and the contract referred to in the forcible entry and detainer action were one and the same, and that there were no other contracts of similar character between the parties. There is also an allegation in the answer that certain taxes had been paid by the defendant prior to the 8th day of August, 1928, when the suit in justice court was started. There is also an allegation that the defendant had been in peaceable possession of the premises described since the 19th day of May, 1924, and that the defendant was in arrears in payment on said contract since May 1, 1928, and made no further payments for more than 30 days thereafter. Paragraphs 23, 24, and 25 are as follows:

"Paragraph 23. That, on the 20th day of September, A. D.

1928, when the paper described in plaintiff's petition and marked 'Exhibit B' [forfeiture notice] was served on this defendant, there was nothing due the plaintiff on said real estate contract.

"Paragraph 24. That judgment, described in the defendant's answer, obtained in the office of George E. Pennell, justice of the peace, has been released, discharged, and satisfied.

"Paragraph 25. That said real estate contract described in plaintiff's petition, and marked 'Exhibit A' of plaintiff's petition, has been fully discharged and satisfied, and there is nothing due the plaintiff thereunder."

To this amended and substituted answer, on December 20, 1928, the plaintiff filed a motion to strike, alleging that:

"The statements contained in Paragraphs 6 to 28, both inclusive, of the said amended and substituted answers are practically the same as was set up heretofore by the defendant, to which the plaintiff moved to strike, and which said motion was sustained. And the defendant is bound by the ruling of the court on all of said matters in the former rulings of the court thereto."

The motion also alleges:

"That all matters set forth in the answer are irrelevant, incompetent, inadmissible, and are no defense to an action of forcible entry and detainer, and state only conclusions."

We do not have before us the motion of the plaintiff to strike the original answer. The court held generally, on the 20th day of February, sustaining the motion, without specifying the grounds upon which the same was sustained. The sole question before us is whether this motion should have been sustained. As we view the case, very much of what has been said in argument is immaterial. Manifestly, if the answer contained any proper allegation of valid defense to the petition, it was error to strike it.

The plaintiff's petition is based upon the general proposition that payments had not been made by the defendant in accordance with the terms of the original contract of purchase and sale. By the allegations contained in Paragraphs 23 and 25, hereinbefore set forth, the defendant tendered the definite

issue of any default of the contract. Without a default, the contract could not be forfeited. The defendant was in possession by virtue of the contract. The court erred in striking the answer, and the case must be, and is,—*Reversed.*

ALBERT, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.